IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BAKER | : | CIVIL ACTION |
| [BY-3896] | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | NO. 13-6329 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                 November 4, 2014
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant
to 28 U.S.C. §2254, by a state prisoner. Petitioner Robert Baker is currently incarcerated at SCI-
Graterford in Graterford, Pennsylvania, where he is serving a term of imprisonment of eighteen
and one-half (18 ½) to thirty-seven (37)  years for third-degree murder, violation of the Uniform
Firearms Act, and possessing an instrument of crime. For the reasons that follow, it is
recommended that Mr. Baker's habeas claims be denied and dismissed without an evidentiary
hearing.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The PCRA Court summarized the background of this case as follows:

The shooting arose from an argument over drug dealing and territory. [Baker]
and decedent knew each other and lived near each other in the Norris Housing
Projects … in the City of Philadelphia. The two were also drug dealers whose
territories frequently overlapped, and the night before the shooting, July 8,
2000, [Baker] confronted Ykeem Jackson, who sold drugs for the decedent …

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Baker's Petition
under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody, his memorandum of law, and his
exhibits; the Commonwealth's Response; Petitioner's Reply to the Commonwealth's Response, and the state court
record.

and assaulted him for encroaching on his territory. The next afternoon, at approximately 4 p.m.,… [Baker], while driving his gray Nissan Maxima, was tapped in the back by decedent driving a red, Pontiac Bonneville, and the two men parked and exited their cars in the middle of the block.

After exchanging words, [Baker] fought decedent for about five minutes, with decedent beating him handedly, when Ykeem Jackson's older brother Kareem walked up to the two men and told decedent, 'You don't have to fight him ([Baker]). I'll fight for my brother.' [Baker] responded to Jackson, 'What you think, you're all going to jump me?' and reached under the driver's seat of his car and pulled out a silver revolver.

 [Baker's] friend Daryl Furlow ran up to [Baker] and attempted to calm him down, giving decedent and Jackson time to walk away … Furlow calmed him down and convinced him to put his gun away, when decedent re-emerged from [an] empty lot … and started walking up the street [but] away from [Baker].

 Furlow stopped decedent in the middle of the block and began talking to him, when [Baker] got back into his car, and drove up within ten feet of where the two men stood. Furlow yelled to [Baker], 'Don't shoot! Don't shoot!' [Baker] shouted, 'What you think[,] I won't kill you motherfucker?', then fired three times at decedent, missed with his first shot, hit decedent in the right thigh with the second shot and in the head as he fell to the ground. [Baker] then drove around the corner … firing three more times … and sped away. Decedent was … rushed to Thomas Jefferson Hospital, where he was pronounced dead shortly after arrival.

After the shooting, [Baker] did not seek medical treatment in Philadelphia. Rather, he sought help from his brother, Monty Campbell, who testified that [Baker] showed up at his door bleeding and said he had been in a gunfight. Campbell, seeking to avoid the police, drove [Baker] to Charlottesville, Virginia where their mother lived. There, [Baker's] step-father took him to the emergency room at the University of Virginia where their mother lived. When asked how he received the injury, [Baker] told the intake physician he had been shot while 'messing around with a friend and a gun.' However, [Baker] left the hospital before receiving treatment when told that the police would need to question him concerning the nature of his injury. From there, [Baker] fled to Minneapolis, Minnesota, where he stayed for several months before eventually returning to Philadelphia, where he was arrested at his brother's apartment on March 8, 2001 … pursuant to a warrant.

PCRA Court Opinion, 4/16/12, at 2-4  (citations to notes of testimony omitted).

Baker was tried in a jury trial in the Court of Common Pleas of Philadelphia County, which commenced on November 1, 2001. PCRA Court Opinion, 4/16/12, at 1. Following the trial, Baker was convicted of third-degree murder, violation of the Uniform Firearms Act, and possessing an instrument of crime in the shooting death of seventeen year-old Tyrone "Eib" Learnier. *Id.* On March 26, 2002, Baker was sentenced to an eighteen and one- half (18 ½) to thirty-seven (37) year term of imprisonment. *Id.* Baker's motion to reconsider was denied, and he filed an appeal to the Pennsylvania Superior Court on April 23, 2002. *Id.* The Superior Court denied Baker's appeal. *Commonwealth  v. Baker*, 2304  EDA 2011, slip op. at 3 (Pa. Super. 2013). Subsequently, the Pennsylvania Supreme Court denied Baker's petition for allowance of appeal. *Id.*

Baker filed a timely PCRA petition on March 27, 2009. PCRA Court Opinion, 4/16/12, at 2. In the petition, he alleged that his trial counsel was ineffective for agreeing to redact portions of his medical records from the University of Virginia Hospital. *Id.* at 4-5. Baker argued that the redacted portions of his medical records were crucial to his self-defense theory, because they are the only existing pieces of medical evidence that show he sustained a gunshot wound at the time of the murder. *Id*. The PCRA court dismissed Baker's petition without a hearing. *Id.*

Baker filed a timely appeal from the PCRA Order to the Pennsylvania Superior Court. PCRA Court Opinion, 4/16/12, at 4-5.On January 11, 2013, the Superior Court affirmed the PCRA order. *Baker*, 2304  EDA 2011, slip op. at 6-7. The court concluded that Baker's claim of ineffectiveness of counsel had no merit because the use of medical records as evidence of a medical opinion or diagnosis is not allowable under Pa. R.E. 803(4). *Id.* According to the court, Baker would not have been able to use his medical records to support his self-defense theory even if trial counsel had not agreed to the redaction. *Id.* Baker filed a petition for allowance of an

appeal to the Pennsylvania Supreme Court. Baker's appeal was subsequently denied. *Commonwealth v. Baker*, 64 A.3d 274 (Pa. 2013).

On or about October 29, 2013, Baker filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an accompanying Memorandum of Law. In his petition, Baker asserts that his Sixth and Fourteenth Amendment rights were violated because: (1) the trial court erred in permitting the prosecution to introduce evidence that Baker sold drugs in the community where the murder had occurred; (2) the trial court erred in permitting the prosecution to elicit from an eyewitness the claim that she had been the subject of threats and bribes in advance of trial; (3) the trial court erred in permitting a prosecution witness to offer opinion testimony about how she felt when she witnessed the murder; (4) his trial counsel was ineffective for stipulating to the redaction of petitioner's medical records, which contained exculpatory evidence supporting his claim of self-defense; (5) his trial counsel was ineffective for failing to object to the trial court's progression charge to the jury; (6) his trial counsel was ineffective for failing to object when the prosecution vouched for the credibility of its witness in its closing argument; (7) his post-conviction counsel was ineffective for failing to raise a claim for ineffective assistance of trial counsel for failing to object when the prosecution vouched for the credibility of its witness in its closing argument; and (8) the cumulative effects of the these errors made petitioner's conviction and sentence unconstitutional. Baker's Pet. at 8-9.

In its response, the Commonwealth contends that Baker's petition should be denied with prejudice, asserting that: (1) Baker's first three claims are premised on alleged errors of state law that cannot be relitigated in federal court; (2) the Pennsylvania Superior Court reasonably rejected Baker's claim that the trial counsel erred by agreeing to redact inadmissible information from his medical records;  (3) Baker's remaining claims are barred because he never presented

4

them to the state courts and cannot do so now; and (4) Baker is not entitled to a certificate of appealability. [2] Commonwealth's Resp. at 7-18.

## II. DISCUSSION

### A. Trial Court Errors

#### 1. Standard of Review

The Antiterrorism and Effective Death Penalty act of 1996 ("AEDPA"), signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. Section 2244(d) of AEDPA placed "new constraint[s] on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). AEDPA precludes habeas relief on:

> any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court set forth the scope of habeas review after AEDPA, indicating that, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389. The Third Circuit has expressly held that there is no federal habeas jurisdiction over state law claims. *See Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir.

---

[2] The District Attorney does not contest the timeliness of Baker's habeas petition, and I have independently verified that it is timely.

2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas corpus relief does not lie for errors in state law").

### 2. Analysis

Baker's claims cannot be reviewed by a federal habeas court because they do not assert a violation of any federal constitutional right. In his habeas petition, Baker asserts that the trial court erred when it: (1) permitted the prosecution to introduce evidence that Baker sold crack cocaine in the community where the murder occurred; (2) permitted the prosecution to elicit testimony from a prosecution eyewitness that, before trial, she was subjected to attempted bribes and threats; and (3) allowed a prosecution eyewitness to give alleged "opinion testimony" about how she felt when she witnessed the murder. Baker's Pet. at 8-9.

Though Baker characterizes the trial court's rulings as constitutional violations, he fails to state how his claims implicate any federal rights. In reality, Baker's claims are challenges to the state court's interpretation of state law. He relies solely on state court decisions interpreting the Pennsylvania Rules of Evidence to support his arguments. He presented identical arguments on direct appeal to the Superior Court, which rejected all three of his claims as meritless. A federal habeas court does not have the authority to relitigate state law issues. As such, this court cannot review Baker's allegations of trial court error.

### B. Ineffective Assistance of Counsel

#### 1. Standard of Review

Ineffective assistance of counsel claims are evaluated under a two-prong test that the Supreme Court established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, counsel is presumed to have acted reasonably and effectively unless the petitioner can

demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 686-688, 693-694. According to the Court, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.* at 694.

### 2. Analysis

Baker's first ineffectiveness claim cannot succeed because he has not shown that it was unreasonable for trial counsel to agree to the redaction of certain portions of his medical records.

 In Baker's habeas petition, he asserts that his trial counsel was ineffective for stipulating to the redaction of his medical records, which contained exculpatory evidence supporting his claim of self-defense. Baker's Pet. at 8-9. Baker presented the same ineffective assistance of counsel claim in his PCRA petition, which was dismissed without a hearing on August 1, 2011. *Baker*, 2304 EDA 2011, slip op. at 3. Subsequently, Baker appealed to the Superior Court. *Id.* On appeal, the Superior Court ruled that Baker's claim had no merit because trial counsel could not have used the medical records for Baker's purported purpose under Pa. R.E.803(4). *Id.* at 6-7.

Baker has not shown that it was unreasonable for trial counsel to agree to redact portions of his medical records in light of the Superior Court's ruling that the evidence would not have been admissible for his purported purposes at trial. A state court's interpretation of state law binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). As such, this court must assume that the medical records would not have been admissible as exculpatory evidence at trial. Trial counsel thus had no reasonable basis to oppose the redaction; any attempt to admit the medical records to support Baker's self-defense theory would have been futile. *See Primo v. Moore*, 131 S. Ct. 733,

741 (2011) (finding that trial counsel was not ineffective for declining to take a futile action); *see also Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 689) (concluding that because the federal habeas court was bound by the state court's determination that the jury instruction at issue comported with state law, petitioner could not show that counsel was ineffective for failing to object to the instruction at trial). Because Baker has not shown that trial counsel's actions were unreasonable, his first ineffectiveness claim must fail.

### C. Procedural Defaults

#### 1. Standard of Review

When a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under state law, the claim is procedurally defaulted. *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001). An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *Id.* A procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto," or demonstrate that the failure to consider his habeas claim will result in a "fundamental miscarriage of justice." *Wenger*, 266 F.3d at 224.

#### 2. Analysis

In Baker's habeas petition, he asserts (1) ineffective assistance of trial counsel for failing to object to the trial court's progression charge to the jury; and (2) ineffective assistance of trial counsel for failing to object when the prosecution vouched for the credibility of its witness in its closing argument. Baker's Pet. at 8-9.

In Baker's *pro se* PCRA petition, which he filed on March 27, 2009, he asserted both of the aforementioned ineffectiveness claims. Baker's Mem. Of Law in Support of Post Conviction Relief Act Pet. at 1-8. However, his amended PCRA petition, which was filed by his appointed

counsel on June 27, 2010, makes no mention of the ineffectiveness claims. Baker's Amended Pet. Under Post Conviction Relief Act at 1. On direct appeal from the PCRA court's decision, Baker makes no mention of these specific ineffectiveness claims. *Baker*, 2304 EDA 2011, slip op. at 1-7. Because he had the opportunity to raise the ineffectiveness claims on collateral review and failed to do so, Baker's ineffectiveness claims are procedurally defaulted. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (holding that an ineffectiveness claim will be waived after petitioner has had the opportunity to raise that claim on collateral review and has failed to do so). Baker cannot raise these claims in his federal habeas petition unless he can show "cause" for the default and "prejudice attributable thereto," or demonstrate that the failure to consider his habeas claim will result in a "fundamental miscarriage of justice." *Wenger*, 266 F.3d at 224.

Presumably, Baker means to argue that his defaults are excusable under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Under *Martinez*, petitioner may establish cause for the default of an ineffectiveness claim by demonstrating that appointed counsel in the collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. *Martinez*, 132 S.Ct. at 1318. The Third Circuit has upheld the application of *Martinez* to the Pennsylvania criminal procedural system. *See Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014) (indicating that the Pennsylvania Supreme Court's decision in *Commonwealth v. Grant* made *Martinez* applicable to Pennsylvania's criminal procedure system).

In Baker's amended PCRA petition, his attorney focused solely on the claim that trial counsel was ineffective for agreeing to redact exculpatory evidence from his medical records. Baker's Amended Pet. Under Post Conviction Relief Act at 1. In determining whether Baker's PCRA counsel was ineffective for failing to raise his other two ineffectiveness claims, the court

9

must indulge in a strong presumption that PCRA counsel focused on one particular claim "for tactical reasons rather than through sheer neglect." *Yarbough v. Gentry*, 540 U.S. 1, 8 (2003); *see also Jones v. Barnes*, 463 U.S. 745 (1983) (appellate counsel need not raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal).

### a. Trial Counsel's Failure to Object to the Progression Jury Instruction

Baker has not met his burden under *Martinez* because he has not shown that PCRA counsel's failure to raise an ineffectiveness claim for trial counsel's failure to object to the court's progression charge was unreasonable. Baker asserts that the progression charge violated his Due Process rights because it "required a finding of not guilty on the greatest offense before the jury could consider any lesser degree of murder, thereby leaving jurors who may have a reasonable doubt about petitioner's guilt on a higher degree in a naturally coercive position, either having to convince the majority of their position or deadlocking the jury." [3] Baker's Pet. for Writ of Habeas Corpus and Consolidated Mem. Of Law at 22.

Neither the Supreme Court of the United States nor the Third Circuit has held progression charges improper. *See Commonwealth v. Bryant*, 855 A.2d 726, 749 (Pa. 2004) (indicating that there is no authority to support the proposition that a progression charge is improper). Further, Pennsylvania state courts have upheld progression charges on numerous occasions where a defendant was charged with different degrees of the same crime. *See Commonwealth v. Hart*,

---

[3] The relevant portion of the progression instruction to the jury is as follows:

> There's four possible verdicts that you can reach in this case. The first one is not guilty. The second one is guilty of first degree, guilty of third degree or guilty of voluntary manslaughter. When you get back and you have your verdict sheet, you should start from the top and work down. If you find the defendant guilty of first degree, you don't have to go to third or voluntary. If you find him not guilty of first degree, then you go to third degree and do that one. If you find him guilty of third degree, you don't have to deal with voluntary manslaughter. And if you find him not guilty of third degree and not guilty of first degree, then you have to go to voluntary manslaughter. That's how it works.

Trial Tr. vol. 8, 11, November 14, 2001.

565 A.2d 1212, 1217 (Pa. Super. 1989) (finding that defense counsel was not ineffective for failing to object to a progression charge); *see, e.g.*, *Commonwealth v. duPont,* 730 A.2d 970 (Pa.Super.1999); *Commonwealth v. Loach,* 618 A.2d 463 (1992); *Commonwealth v. Hart,* 565 A.2d 1212 (Pa. Super. 1989); *Commonwealth v. Bryant*, 855 A.2d 726, 749 (2004).

Given the lack of precedent for a successful challenge to a progression charge, PCRA counsel cannot be considered ineffective for declining to assert such a claim. *See Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (refusing to find defense counsel ineffective for declining to assert a claim he reasonably believed was "doomed to fail"); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 – 752 (1983)(indicating that the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy"). As the Supreme Court stated in *Smith v. Murray*, a federal habeas court cannot deem counsel ineffective for opting not to try to change the legal landscape. *Smith*, 477 U.S. at 536.

### b.  Trial Counsel's Failure to Object to the Prosecution's Closing Argument

Moreover, Baker has not met his burden under *Martinez* because he has not shown that PCRA counsel's failure to raise an ineffectiveness claim for trial counsel's failure to object to "vouching" in the prosecution's closing argument was unreasonable. In his habeas petition, Baker asserts that his trial counsel was ineffective for failing to object to the Commonwealth's improper bolstering and vouching for the credibility and truthfulness of its witness Akie Jenkins.[4] Baker's Pet. for Writ of Habeas Corpus and Consolidated Mem. of Law at 24.

---

[4] In his habeas petition, Baker cites the following portion of Prosecution's closing statement as evidence of bolstering and vouching:

Akie Jenkins testified about the number of shots at a hearing. Remember I asked those questions on redirect? Did you have chance, not just in your statement, but did you have a chance to correct yourself under oath? And what happens on page 9? He does. He gives you the sequence of shots on page 9, at a hearing under oath, Akie Jenkins does. More evidence that he is telling the truth.

In *United States v. Walker*, the Third Circuit found that improper vouching or bolstering occurs when: "(1) the prosecutor assures the jury that the testimony of a government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record." *United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998). The court went on to explain that, "where a prosecutor argues that a witness is being truthful based on the testimony given at trial, and does not assure the jury [of] the credibility of the witness based on his own personal knowledge, the prosecution is engaging in proper argument and is not vouching." *Id.* at 187 (citing *U.S. v. Pungitore*, 910 F.2d 1084, 1125 (3d Cir. 1980)).

The portions of the prosecution's closing statement that Baker cites in his petition do not constitute vouching. In his closing statement, the prosecutor argued that Jenkins' credibility was supported by his testimony at a preliminary hearing and a police report that corroborated his account. The prosecutor did not make any explicit or implicit references to his own personal knowledge or information not contained in the record that supported Jenkins' credibility. The prosecutor's statement was in fact nothing more than a reminder to the jury of evidence that was actually presented to it.

Because the prosecutor's statements do not amount to vouching under the prevailing authority, PCRA counsel cannot be deemed ineffective for declining to raise a vouching claim. *See Knowles*, 556 U.S. at 124 (counsel's performance was not ineffective when he recommended the withdrawal of a claim he reasonably believed was "doomed to fail").

---

Other evidence that he's telling the truth. What does he do? He gets his friend, as best he can, and he puts him in the car and he tells you he gets in an accident. We bring a 48 in, which is a summary of a police report of that accident; where it happens, on 11th Street. Further corroboration that he's telling the truth about what he saw.
Baker's Pet. for Writ of Habeas Corpus and Consolidated Mem. Of Law at 25; Trial Tr. vol. 7, 42-43, November 13, 2001.

**D. Ineffectiveness of Post-Conviction Counsel**

**1. Standard of Review**

Under AEPDA, "the ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief." 28 U.S.C. § 2254(i).  In *Martinez*, the Supreme Court explained that while a petitioner may rely on the ineffectiveness of post-conviction counsel as "cause" to excuse a procedural default, he cannot rely on ineffectiveness of post-conviction counsel as an independent basis for relief. *Martinez*, 132 S.Ct. at 1320.

**2. Analysis**

The court cannot review Baker's claim because it relies on ineffectiveness of post-conviction counsel as a sole ground for relief. In his habeas petition, Baker asserts that his post-conviction counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to object to vouching in the prosecution's closing statement. Baker's Pet. at 8-9.  He asserts this claim independently of any request to excuse a procedural default.

While Baker is free to rely on ineffectiveness of post-conviction counsel to establish "cause" to excuse his procedurally-defaulted claims, he cannot assert ineffectiveness of post-conviction counsel as an independent ground for habeas relief. Therefore, the court cannot review his claim.

**E. Cumulative Error**

**1. Standard of Review**

The Third Circuit recently held that "cumulative error" is a distinct, constitutionally-based claim that is subject to the exhaustion rule. *Collins v. Secretary of Pennsylvania Dept. of Corrections*, 724 F.3d 528, 542 – 43 (3d Cir. 2014). The exhaustion rule, codified in 28 U.S.C. § 2254(b)(1), generally requires a federal court to postpone habeas jurisdiction until the "applicant

has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).  In order to satisfy the exhaustion requirement, a habeas petitioner must show that he presented "the 'substantial equivalent' of his federal claim to the state courts." *Id*. at 543 (quoting *Picard v. Connor*, 404 U.S. 270, 277-278 (1971)). The burden is on the habeas petitioner to show exhaustion. An unexhausted claim is procedurally defaulted when petitioner has not raised the habeas issue in the state system and he can no longer do so. *Wenger*, 266 F.3d at 223-224.

    2.  **Analysis**

    The court cannot review Baker's cumulative error claim because it was not properly exhausted in the state courts. In his habeas petition, Baker asserts that he is entitled to habeas relief as a result of the cumulative effects of the errors alleged throughout the petition. Baker's Pet. at 8-9. A review of state records indicates that Baker did not present his cumulative error claim in the state courts. Therefore, his claim does not meet the exhaustion requirement and cannot be reviewed by a federal habeas court.

    Further, because Baker failed to raise his cumulative error claim on direct review in state court, his claim is procedurally defaulted. If Baker had acknowledged the default, he probably would have argued that it should be excused under *Martinez*. However, the *Martinez* exception only applies to ineffectiveness of trial counsel claims. *Martinez*, 132 S.Ct. at 1320. Because Baker is asserting a cumulative error claim, he cannot rely on *Martinez* to show cause for his default.

## **RECOMMENDATION**

Consistent with the above discussion, it is recommended that Petitioner's habeas petition, filed under 28 U.S.C. § 2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. See Local Civil Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By Email:
Hon. Mary A. McLaughlin
Ryan Dunlavey, Esq.                    ryan.dunlavey@phila.gov

By Mail:
Robert Baker
EY-3896
SCI Graterford
Box 244
Graterford, PA 19426